**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| PLK RESTAURANTS LLC, an Ohio limited liability company, | ) ) ) |
|  | ) Civil Action No. |
| Plaintiff, | ) |
|  | ) |
| v. | ) JUDGE |
|  | ) |
| EL CID TACOS, INC., an Illinois corporation, | ) |
|  | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
|  | ) |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, PLK Restaurants LLC ("PLK"), by its attorneys, Steven N. Malitz, Judith L. Grubner and David L. Newman, Arnstein & Lehr LLP, *of counsel*, complains against defendant, El Cid Tacos, Inc. ("El Cid"), as follows:

**NATURE OF THE ACTION**

1.     This is an action for service mark infringement, false designation of origin, deceptive trade practices, cyberpiracy, and unfair competition in violation of the Lanham Act, 15 U.S.C. §§1051 et seq., the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. and Illinois state and common law. Because of the immediate and irreparable harm caused by El Cid's improper use of PLK's PALADAR mark, PLK seeks preliminary and permanent injunctive relief and damages for El Cid's illegal and unauthorized acts.

2.     PLK owns and operates successful restaurants under the name PALADAR LATIN KITCHEN & RUM BAR in Cleveland, Ohio and Annapolis, Maryland, and plans to

open additional restaurants in the near future under the same name in a variety of locations, including Illinois, Massachusetts, Virginia, New Jersey, Indiana, Pennsylvania, Minnesota, Maryland and Florida. In fact, PLK is presently in negotiations with a landlord to open a restaurant and bar under the PALADAR mark in this judicial district.

3.     This dispute arises from El Cid's infringement of PLK's federally registered mark PALADAR, U.S. Registration No. 3,649,857, for bar and restaurant services. El Cid, without authorization, license, or other permission, is using the confusingly similar name PALADAR RESTAURANT – RUM BAR in connection with the operation of its restaurant and bar, its domain name (paladarchicago.com), its web site promoting its restaurant and bar (www.paladarchicago.com), and its related advertising and marketing, including on the popular social networking sites Facebook and Twitter.

## THE PARTIES

4.     Plaintiff, PLK Restaurants LLC, is a domestic limited liability company organized and existing under the laws of the State of Ohio, and having a place of business at 28601 Chagrin Boulevard, Suite 900, Woodmere, Ohio 44122.

5.     Defendant, El Cid Tacos, Inc., is a corporation organized and existing under the laws of the State of Illinois. On information and belief, El Cid's principal place of business is 2653 N. Milwaukee Avenue, Chicago, Cook County, Illinois 60647.

6.     On information and belief, El Cid owns and operates PALADAR RESTAURANT – RUM BAR, located at 2115 N. Milwaukee Avenue, Chicago, Cook County, Illinois 60647.

## JURISDICTION AND VENUE

7.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and contains related Illinois statutory and common law claims. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States and relating to trademarks. This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims herein.

8.     This Court has personal jurisdiction over El Cid because, upon information and belief, El Cid has its principal place of business in this judicial district.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because EL Cid resides in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### A.    PLK's Business and Trademark

10.     Since at least 2007, PLK has continuously used its federally registered service mark, PALADAR, in connection with the operation and promotion of restaurant and bar services. PLK opened its first PALADAR LATIN KITCHEN & RUM BAR restaurant, located at 28601 Chagrin Boulevard, Suite 900, Woodmere, Ohio, in 2007. After the success of the Cleveland location, PLK expanded and opened a second location, at 1905 Towne Centre Boulevard, Suite 100, Annapolis, Maryland, in 2010. PLK's PALADAR restaurants and bars offer a menu of modern Cuban and Latin themed cuisine paired with a selection of top shelf rums and mixed drinks.

3

11.     PLK has additional restaurants in the developmental stages in several states, including, but not limited to, Illinois, Massachusetts, Virginia, New Jersey, Indiana, Pennsylvania, Minnesota, Maryland and Florida. All of these locations are or will be operated under the PALADAR mark.

12.     PLK is currently in negotiations with a landlord to open a new restaurant and bar within this judicial district under the PALADAR mark.

13.     On July 7, 2009, the United States Patent and Trademark Office issued to AJH Hospitality Group LLC (PLK's predecessor) Registration No. 3,649,857 on the Principal Register for the service mark PALADAR.  That mark was subsequently assigned to PLK. Pursuant to 15 U.S.C. § 1115, that registration is prima facie evidence of the validity of the registered mark and the registration of the mark, of PLK's ownership of the mark, and of PLK's exclusive right to use the PALADAR mark in commerce in connection with the registered bar and restaurant services. A true and correct copy of this registration, and assignment record reflected on the USPTO web site, is attached as Exhibit A.

14.     The registration for the PALADAR mark is valid and subsisting in full force, unrevoked and uncanceled.

15.     PLK also claims common law trademark rights in the PALADAR mark in Illinois and throughout the United States.

16.     PLK's use of the PALADAR mark in commerce for restaurant and bar services long predates EL CID's use of PALADAR for the identical competing services.

17.     PLK vigorously polices its marks and enforces its rights therein.

18.     As a result of PLK's promotional efforts and media attention, the PALADAR mark enjoys extensive goodwill and consumer recognition. The PALADAR mark is inherently distinctive for restaurant services and has become known by the public as indicative of the high quality restaurant services provided by PLK.

**B.     El Cid's Unauthorized Use of the PALADAR Mark**

19.     PLK has never authorized, licensed, or otherwise permitted El Cid to use the PALADAR mark or any variation thereof.

20.     On information and behalf, on or about April 23, 2012, without authorization, license, or authority from PLK, and long after PLK's first use of its PALADAR mark, El Cid opened a restaurant in Chicago, Illinois under the name PALADAR RESTAURANT – RUM BAR. El Cid's restaurant is located at 2115 N. Milwaukee Avenue, Chicago, Illinois 60647.

21.     In addition to operating and promoting its restaurant and bar using the PALADAR mark, El Cid operates and maintains a web site promoting PALADAR RESTAURANT – RUM BAR using the PALADAR mark in the domain name paladarchicago.com and the web site address www.paladarchicago.com, as well as a Facebook page at www.facebook.com/PaladarChicago, and a Twitter page at http://twitter.com/#!/paladarchicago.

22.     By virtue of PLK's registration for the PALADAR mark dated July 7, 2009, and PLK's use of the mark at least as early as August 2007, PLK is the prior and senior user of the mark.

23.     Upon information and belief, at the time El Cid engaged in the acts described in this Complaint, El Cid had access to and actual knowledge of PLK's website at

www.paladarkitchen.com using the PALADAR mark, as well as actual knowledge of the valuable reputation and goodwill symbolized by PLK's PALADAR mark, and its association with PLK. Despite actual knowledge of PLK's prior rights, El Cid adopted the PALADAR mark in the operation and promotion of its restaurant and bar, PALADAR RESTAURANT – RUM BAR, and used the PALADAR mark in the domain name for the web site promoting its restaurant and bar for the purpose of, and with the intention of, trading off of PLK's goodwill and reputation.

24.     Further, federal registration of the PALADAR mark provided constructive notice of PLK's rights to El Cid under the Lanham Act such that El Cid's subsequent adoption of the PALADAR mark constituted willful infringement of PLK's rights.

25.     Upon learning of El Cid's proposed use of the PALADAR mark, on or about April 11, 2012, counsel for PLK sent a cease and desist letter to El Cid (a true and correct copy of which is attached as Exhibit B), asserting PLK's rights in and to the PALADAR mark and requesting that El Cid cease use of that mark in connection with its restaurant and bar services and promotion thereof.

26.     On or about April 23, 2012, despite knowledge of PLK's mark and registration, El Cid willfully and in bad faith opened its PALADAR RESTAURANT - -RUM BAR.

27.     On or about May 8, 2012, El Cid, by its counsel, responded to PLK's April 11, 2012 letter. In that letter, counsel advised PLK that El Cid refused to change the name of its restaurant and would continue operating under the PALADAR mark. El Cid continues to use the PALADAR mark today in operating its PALADAR RESTAURANT – RUM BAR, its domain

name, paladarchicago.com, its web site, www.paladarchicago.com, its Facebook page, www.facebook.com/PaladarChicago, and its Twitter page, http://twitter.com/#!paladarchicago.

28.     By registering that domain name, Facebook name and Twitter name, El Cid has blocked PLK from using the most valuable such names for its soon-to-open Chicago restaurant and bar.

29.     El Cid's unauthorized use of the PALADAR service mark or confusingly similar variations thereof in connection with the promotion of bar and restaurant services, is likely to mislead, deceive, and confuse the purchasing public and the trade.  Consumers are likely to conclude that El Cid, through its use of the PALADAR mark and the www.paladarchicago.com web site, Facebook page, and Twitter page, is connected, associated or affiliated with PLK.

30.     El Cid's activities, as hereinabove pleaded, have caused and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the services offered by PLK and the sponsorship, affiliation and/or endorsement of those services by PLK.

31.     As a result of the aforesaid acts by El Cid, PLK has suffered and continues to suffer substantial damages and irreparable injury. PLK has no adequate remedy at law, and unless El Cid is restrained and enjoined by the Court, El Cid's said unlawful acts will be continued and will continue to cause damage and irreparable injury to PLK, and to damage PLK's goodwill and business reputation.  Because of the continuing damage to PLK's goodwill and threatened continuation of loss of customers and sales, PLK cannot ascertain the precise amount of its damages at this time.

## COUNT I

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

32.     PLK incorporates by reference herein the allegations of Paragraphs 1–31 of this Complaint.

33.     El Cid's conduct alleged herein, including but not limited to its use of the name PALADAR RESTAURANT – RUM BAR to identify and promote its restaurant, and use of www.paladarchicago.com, www.facebook.com/PaladarChicago, and http://twitter.com/#!/paladarchicago, constitutes use of colorable imitations of PLK's federally registered PALADAR mark in connection with the advertising or sale of unauthorized services in commerce. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of El Cid with PLK, or as to the origin, sponsorship, or approval of El Cid's restaurant by PLK. El Cid's conduct is likely to induce consumers to believe, contrary to fact, that its restaurant is sponsored, endorsed, approved by, or connected with PLK.

34.     El Cid's conduct alleged in this Count I is without PLK's permission or authorization.

35.     PLK has specifically demanded that El Cid cease and desist using PLK's PALADAR mark. As a result, El Cid has committed its infringement with full knowledge of PLK's rights in the PALADAR mark and thus willfully, deliberately, and maliciously engaged in the described acts with intent to injure PLK and to deceive the public, with knowledge that its actions were intended to cause confusion or mistake or to deceive the public.

36.     El Cid's unauthorized conduct has been and is being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with the

PALADAR mark. Such acts have damaged and impaired PLK's goodwill in its PALADAR mark to PLK's immediate and irreparable harm.

37.     El Cid's unauthorized use of the name PALADAR RESTAURANT – RUM BAR, the www.paladarchicago.com domain name and the Facebook and Twitter page names, which are confusingly similar to the PALADAR mark, in connection with and to identify its restaurant, constitute trademark infringement in violation of 15 U.S.C. § 1114.

38.     This is an exceptional case under 15 U.S.C. § 1117(a).

39.     El Cid's conduct has caused damage to PLK in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the PALADAR mark, for which there is no adequate remedy at law.

40.     In light of the foregoing, PLK is entitled to injunctive relief prohibiting El Cid from using the PALADAR mark or any mark confusingly similar to the PALADAR mark for any purpose, and to recover from El Cid all damages, including reasonable attorneys' fees, that PLK has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## COUNT II

**(Federal False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125)**

41.     PLK incorporates by reference herein the allegations of Paragraphs 1-31 of this Complaint.

42.     El Cid's conduct alleged herein, including its use of the PALADAR mark to identify its restaurant, constitutes use in commerce of certain words, names and false

designations of origin in connection with the sale and advertising of unauthorized goods and services, which create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of El Cid with PLK, or as to the origin, sponsorship, or approval of El Cid's restaurant services by PLK. El Cid's conduct is likely to induce consumers to believe, contrary to fact, that El Cid's restaurant is sponsored by, endorsed by, approved by, affiliated with or connected with PLK.

43.     El Cid's conduct alleged in this Count II is without PLK's permission or authorization and, in fact, PLK has specifically demanded that El Cid cease and desist using its infringing mark. As a result, El Cid has committed its infringement with full knowledge of PLK's rights in the PALADAR mark and thus intentionally, willfully, deliberately, and maliciously engaged in the described acts with the intent to compete unfairly with PLK and to deceive the public.

44.     El Cid's unauthorized use of the name PALADAR RESTAURANT – RUM BAR and the paladarchicago.com domain name, the Facebook name and the Twitter name, which are confusingly similar to the PALADAR mark, in connection with and to identify its restaurant services, constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

45.     This is an exceptional case under 15 U.S.C. § 1117(a).

46.     El Cid's conduct has caused damage to PLK in an amount to be determined at trial and, unless restrained, will continue to seriously and irreparably impair further the value of the PALADAR mark, for which there is no adequate remedy at law.

47.     In light of the foregoing, PLK is entitled to injunctive relief prohibiting El Cid from using the PALADAR mark or any mark confusingly similar to the PALADAR mark for any purpose, and to recover from El Cid all damages, including attorneys' fees, that PLK has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## COUNT III

### (Cyberpiracy Under 15 U.S.C. § 1125)

48.     PLK incorporates by reference herein the allegations of Paragraphs 1-31 of this Complaint.

49.     El Cid's registration and use of the domain name paladarchicago.com was and is with the bad faith intent to profit from PLK's PALADAR mark.

50.     El Cid registered and uses paladarchicago.com, which is confusingly similar to PLK's mark PALADAR, registered on the Principal Register, and which was inherently distinctive on or about February 23, 2012, when El Cid registered that domain name. A true and correct copy of the WHOIS record of the domain name is attached hereto as Exhibit C.

51.     El Cid's bad faith intent is demonstrated by, but not limited to, the following:

(a)     El Cid's use of PLK's registered PALADAR mark in the domain name, which mark was registered prior to the registration of the domain name;

(b)     El Cid made no prior use of PALADAR in connection with a bona fide offering of any goods or services prior to registration of the domain name;

11

(c)     El Cid made no bona fide noncommercial or fair use of the mark in a site accessible under the domain name; and

(d)     El Cid's actions described herein were taken with the intent to divert consumers from PLK's online location at www.paladarkitchen.com to a site that could harm the goodwill represented by PLK's PALADAR mark, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement by PLK of El Cid's web site.

52.     El Cid's registration and use of Facebook.com/PaladarChicago and twitter.com/#!/paladarchicago were made with a similar bad faith intent.

53.     El Cid's conduct alleged in this Count III is without PLK's permission or authorization.

54.     PLK has given notice of this suit to Godaddy.com LLC, current registrar of the domain name, with a request under ¶¶ 3, 4(i)(K), 7, and 8 of its Uniform Domain Name Dispute Resolution Policy that it not permit transfer of the domain name during the pendency of this suit without a court order.

55.     Pursuant to 15 U.S.C. § 1125(d)(i)(C), PLK is entitled to an order canceling the domain name or transferring it to PLK, and PLK requests transfer of the domain name.

## COUNT IV

### (Violation of the Illinois Uniform Deceptive Trade Practices Act)

56.     PLK incorporates by reference herein the allegations of Paragraphs 1-55 of this Complaint.

57.     El Cid's unauthorized use of PLK's mark described herein falsely suggests that its services are connected with, sponsored by, affiliated with, or related to PLK, and constitutes a deceptive trade practice under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2.

58.     Due to the unfair nature of El Cid's actions, El Cid has caused and, unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to PLK, for which PLK has no adequate remedy at law.

59.     El Cid had actual notice of PLK's PALADAR mark prior to its adoption and use of the infringing PALADAR RESTAURANT – RUM BAR name in conjunction with its restaurant services and use of the paladarchicago.com domain name for its web site, and its Facebook and Twitter pages.

60.     In light of the foregoing, PLK is entitled to injunctive relief prohibiting El Cid from using the PALADAR mark or any mark confusingly similar to the PALADAR mark for any purpose, and to recover from El Cid reasonable attorneys' fees under the Illinois Uniform Deceptive Trade Practices Act that PLK has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## COUNT V

### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)

61.     PLK incorporates by reference the allegations of Paragraphs 1-60 of this Complaint.

62.     El Cid's violation of § 2 of the Illinois Uniform Deceptive Trade Practices Act as

alleged in Count IV herein is a violation of § 10(a) of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Act"), 815 ILCS § 505/10a.

63.     Due to the unlawful nature of El Cid's actions, El Cid has caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury and damage to PLK, for which PLK has no adequate remedy at law.

64.     PLK has suffered actual damages from El Cid's unlawful conduct in violation of the Act, in an amount yet to be determined.

65.     El Cid had actual notice of PLK's PALADAR mark prior to its adoption and use of the confusingly similar PALADAR RESTAURANT – RUM BAR name in conjunction with its restaurant services and use of the paladarchicago.com domain name for its web site, and in its Facebook and Twitter pages; therefore, its unlawful actions were intentional, willful, deliberate, and malicious.

66.     It light of the foregoing, PLK is entitled to injunctive relief prohibiting El Cid from using the PALADAR mark or any mark confusingly similar to the PALADAR mark for any purpose, and to recover from El Cid all damages, punitive damages, reasonable attorneys' fees, and the costs of this action.

## COUNT VI

### (Unfair Competition—Illinois Common Law)

67.     PLK incorporates by reference herein the allegations of Paragraphs 1-31 of this Complaint.

68.     El Cid's unauthorized use of PLK's mark falsely suggests that its services are

connected with, sponsored by, affiliated with, or related to PLK and constitutes unfair competition under Illinois common law.

69.     Due to the unfair nature of El Cid's actions, El Cid has caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to PLK, for which PLK has no adequate remedy at law.

70.     In light of the foregoing, PLK is entitled to injunctive relief prohibiting El Cid from using the PALADAR mark or any mark confusingly similar to the PALADAR mark for any purpose, and to recover from El Cid all damages, including attorneys' fees, that PLK has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

Plaintiff PLK prays for the following relief:

1.     For a preliminary and permanent injunction:

    a.     Pursuant to 15 U.S.C. § 1116, enjoining and restraining El Cid and its agents, affiliates, employees, and all persons in active concert or participation with it, from directly or indirectly using the PALADAR mark or any colorable imitation thereof, or any other designation that infringes the PALADAR mark in any manner;

    b.     Pursuant to 15 U.S.C. § 1118, ordering that all labels, signs, prints, business cards, stationery, packages, wrappers, receptacles, websites, promotional materials, brochures, manuals, educational materials, and advertisements bearing the PALADAR mark or any colorable imitation thereof, or any other designation that infringes the PALADAR mark be delivered up and destroyed; and

15

        c.      Pursuant to 15 U.S.C. § 1125(d), enjoining and restraining El Cid and its agents, affiliates, employees, and all persons in active concert or participation with it, from directly or indirectly: (i) using the www.paladarchicago.com domain name, or any mark, metatag, banner advertisement or domain name confusingly similar to the PALADAR mark, in any manner in connection with any Internet technology; and (ii) registering or using as a domain name any obvious variation or misspelling of the PALADAR mark;

        2.      Ordering El Cid to transfer ownership of the infringing domain name, paladarchicago.com, to PLK and to cancel the infringing Facebook name, Facebook.com/paladarChicago, and infringing Twitter name, twitter.com/#!/paladarchicago;

        3.      Ordering El Cid to file with this Court and serve upon PLK within 15 days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which El Cid has complied with the injunction;

        4.      Ordering El Cid to account to PLK for any and all profits derived by El Cid from the use of the PALADAR mark, the paladarchicago.com domain name, the facebook.com/PaladarChicago Facebook name and the twitter.com#!/paladarchicago Twitter name, and for all damages sustained by PLK by reason of El Cid's acts of infringement, false designation of origin, and unfair competition and that such amounts be held in constructive trust for PLK;

        5.      That the Court award PLK:

            a.      All profits derived by El Cid's wrongful acts complained of herein;

            b.      All damages sustained by PLK by reason of the wrongful acts complained of herein;

            c.      Treble the amount of actual damages suffered by PLK under 15 U.S.C.

§ 1117;

d.     Statutory damages under 15 U.S.C. § 1117(d);

e.     Restitution for El Cid's deceptive trade practices pursuant to 815 ILCS

§ 510/3;

f.     Punitive and exemplary damages against El Cid and in favor of PLK in an

amount sufficient to deter and punish El Cid for its willful and wrongful

acts under 815 ILCS § 505/10a;

g.     PLK's costs incurred in this action;

h.     PLK's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), 815

ILSC § 510/3, and 815 ILCS § 505/10a;

i.     Pre-judgment and post-judgment interest; and

j.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff PLK respectfully requests a trial by jury as to all issues so triable.

Dated: June 28, 2012                    Respectfully submitted,

STEVEN N. MALITZ (ARDC NO. 6229768)
JUDITH L. GRUBNER (ARDC NO. 6180359)
DAVID L. NEWMAN (ARDC NO. 6210912)
ARNSTEIN & LEHR LLP
120 S. RIVERSIDE PLAZA, SUITE 1200
CHICAGO, IL 60606
TELEPHONE: (312) 876-7100
FACSIMILE:  (312) 876-0288